UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DALE IKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18-CV-573-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| COMMONWEALTH OF KENTUCKY, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on related motions. Defendants Commonwealth of Kentucky (the "Commonwealth") and Commissioner Richard Sanders ("Sanders," collectively with Commonwealth, "Defendants") have filed a Motion to Dismiss the Commonwealth, the named and unnamed state official Defendants sued in their official capacity, and Sanders with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). [R. 4] Following Defendants' Motion to Dismiss, Plaintiff Dale Ike ("Ike") moved to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and to voluntarily dismiss Sanders from this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) ("Motion to Amend and to Dismiss Sanders"). [R. 6] Ike also filed a Response to Defendants' Motion to Dismiss. [R. 7] Defendants filed a Reply to their Motion to Dismiss and filed a Response in opposition to Ike's Motion to Amend and to Dismiss Sanders. [R. 8; R. 9] Ike filed a Reply in support of his Motion to Amend and Motion to Dismiss Sanders. [R. 10] These matters being fully briefed are now ripe for review. For the reasons stated herein, the Court will **GRANT** Defendants' Motion to Dismiss as to the Commonwealth and to the named and unnamed state official Defendants to the extent claims are brought against them in their official capacity, will **REMAND** the Defendants' Motion to Dismiss as to Sanders pending Ike's

- 1 -

decision on whether to refile his Motion to Dismiss this Defendant with or without prejudice, and will **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Amend and to Dismiss Sanders with leave to refile following Defendants' filing of defense costs associated with the defense of Defendant Sanders up to the date of entry of this Memorandum Opinion and Order. Upon review of defense costs, Plaintiff may refile the Motion to Amend and to Dismiss Sanders without prejudice with the conditions imposed herein, or may file a Motion to Dismiss Sanders with prejudice.

I.  **Background**

Because this matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), the Court must presume as true all of the factual allegations contained in the Complaint. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008). Accordingly, the following background is drawn from the Complaint, and the factual allegations are assumed true for purposes of considering the Defendants' motion. [R. 1, Compl.]

Ike alleges that on or about August 28, 2017, while driving from Frankfort, Kentucky to his home in Jeffersonville, Indiana, he began suffering from an "undiagnosed brain injury which effected [sic] his memory, reasoning, and motor skills." [R. 1, Compl., at ¶ 5, 17] As a result, Ike "drew the interest" of Kentucky State Police ("KSP") Trooper E. Whitworth ("Trooper Whitworth"), also a named Defendant in this action. *Id.* at ¶18. Trooper Whitworth attempted to stop Ike on I-64, but "[d]ue to Mr. Ike's brain injury [Ike] was unaware of what was happening and did not pull over for some time." *Id.* at ¶18-19. When he was pulled over, Ike alleges "Trooper Whitworth and/or Unknown Troopers and/or Unknown Officers" tazed and violently assaulted him. *Id.* at ¶¶ 22-23. Ike alleges the force used was significantly more than was

reasonable or necessary to gain control of the situation. *Id.* at ¶ 24. As a result, Ike has suffered serious and permanent injury. *Id.* at ¶ 25.

Ike asserts five (5) causes of action against numerous Defendants (some unnamed) in this action. Relevant to the Defendants' Motion to Dismiss here, Ike asserts three distinct claims against Trooper Whitworth and the Unknown Troopers and Unknown Officers for which he claims the Commonwealth is jointly and severally liable. First, he alleges violations of the Fourth and Eighth Amendments. *Id.* at ¶¶ 27-30. Next, Ike asserts state law claims of general negligence and common law battery against these same Defendants. *Id.* at ¶¶ 32-24, 41-43. Ike also asserts a negligent hiring, training, and supervision claim against Sanders. *Id.* ¶¶ 36-39. Finally, he alleges that "[e]ach and every Defendants' [sic] treatment of Mr. Ike . . . exemplifies the tort of outrage." *Id.* at ¶ 45. Ike seeks damages for past and future reasonable medical expenses, past and future physical and mental pain and suffering experienced, and punitive damages under Ky. Rev. St. §§ 411.184, 186. *Id.* at ¶ 49.

Defendants Commonwealth and Sanders moved to dismiss the Complaint, asserting complete sovereign immunity to all claims against the Commonwealth and the named and unnamed state official Defendants sued in their official capacity. [R. 4] Defendants also asserted pleading infirmities as to all claims made against Sanders under the appropriate federal standard. *Id.* Before filing a Response, Ike filed a Motion to Amend his Complaint, removing the claims against Defendant Sanders (negligent hiring, training, and supervising and outrage) and moved to dismiss this Defendant from the suit *without* prejudice pursuant to Fed. R. Civ. P. 41(a)(2). [R. 6] The remainder of the proposed Amended Complaint was identical to the original Complaint. *See* [R. 6-2, Am. Compl.] Ike then filed a Response in opposition to the Defendants' Motion to Dismiss the claims asserted against the Commonwealth, relying on a Kentucky Indemnification

Statute, Ky. Rev. St. § 16.185. [R. 7]  In their Reply to the Motion to Dismiss, Defendants maintained that all claims against the Commonwealth and the named and unnamed state officials sued in their official capacity should be dismissed on the basis of sovereign immunity. [R. 8] They also filed a Response in Opposition to Ike's Motion to Amend and Motion to Dismiss Sanders, arguing that if Sanders is dismissed, it should be *with* prejudice. [R. 9]  In the alternative, if Ike's Motion to Dismiss Sanders is granted without prejudice, as Ike proposes, Defendants requested that the Court order Ike to pay the Defendants' attorneys' fees and costs. *Id.*  Ike filed a Reply urging the Court to grant his Motion to Dismiss Sanders without prejudice, but if discovery bears a colorable claim against this Defendant, he be allowed to refile his claim against Sanders, delaying the payment of attorney fees and costs until this event. [R. 10]

The Court will address the Defendants' 12(b)(6) Motion before turning to Ike's Motion to Amend and to Dismiss Sanders.

## II. Motion to Dismiss under 12(b)(6)

### A. Standard of Review

Rule 12(b)(6) provides for dismissal of an action if the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The moving party has the burden of proving that no claim exists. *Total Benefits*, 552 F.3d at 434.  While the Complaint must be liberally construed in favor of the non-moving party, "it is still necessary that the Complaint contain more than bare assertions or legal conclusions." *Id.* (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)) (other citations omitted).  Moreover, the Court need not accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009). A claim is factually plausible if the Complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require a showing that the defendant is probably liable, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet this plausibility standard, the Complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

   B.   **Discussion**

Defendants argue that Ike's federal and state law claims against the Commonwealth should be dismissed as a matter of law. [R. 4-1, Mem. in Supp., at pp. 4-6] The Commonwealth relies on the Eleventh Amendment's grant of absolute sovereign immunity to the Commonwealth and argues that it has never waived this immunity for any of the federal or state claims in this suit. *Id.* Defendants specify that the defense of sovereign immunity extends not just to the Commonwealth, but also to any state official (named or unnamed) Defendant in his/her official capacity against whom Ike lodges federal or state claims. *Id.* at pp. 7-11.

In response, Ike points to a section of a Kentucky Indemnification Statute, which reads:

> (1) Any officer or individual employed as a Trooper R Class who is sued for any act or omission in the line of duty and who has a judgment for monetary damages rendered against him or her in his or her individual capacity, and who personally suffers actual financial loss, unreimbursed from any source, by the enforcement and satisfaction of the judgment, including any costs or attorney fees awarded pursuant thereto, shall be indemnified by the Commonwealth, from funds appropriated to the Finance and Administration Cabinet for the payment of judgments, to the extent of his or her actual financial loss.

Ky. Rev. St. § 16.185(1); [R. 7, at p. 2]. Ike argues that this statute "clearly indicates" that the Commonwealth "will be responsible for money damages against an officer sued in his or her individual capacity." *Id.* And since the Complaint seeks money damages against KSP troopers

for alleged violations committed in their individual capacity, the statute cited amounts to the Commonwealth's express waiver of its sovereign immunity. *Id.*

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, [the Supreme Court's] cases have extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "The Eleventh Amendment bars suits by private individuals against non-consenting states in federal court, unless Congress has validly abrogated the state's immunity or the state has waived its immunity." *Lanier v. Kentucky Comm'n on Human Rights*, No. CIV.A.3:06-CV-602-S, 2007 WL 2407274, at *3 (W.D. Ky. Aug. 20, 2007) (citing *Nevada Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726 (2003)).

The sovereign immunity implicated by the Eleventh Amendment applies to both the state and its agencies as well as to state officials sued for monetary relief in their official capacity. *Dubuc v. Mich. Bd. of Law Examiners,* 342 F.3d 610, 615-616 (6th Cir. 2003). Thus, "a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017) (quoting *Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15-CV-00476-JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016)) (finding immunity for any claims against the Cabinet for Health and Family Services ("CHFS") and its employees in their official capacities because CHFS is an arm of the Commonwealth); *see also Gabbard v. Dunaway*, No.

CV 09-68-GFVT, 2010 WL 11526866, at *2 (E.D. Ky. Jan. 21, 2010) (finding that there is "no question that the KSP is an arm of the state" and was thus immune from suit under the Eleventh Amendment); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (holding that the Eleventh Amendment "also bars suits for monetary relief against state officials sued in their official capacity."). Consequently, unless the Commonwealth has waived its sovereign immunity, Ike's claims against the Commonwealth and any state officials in their official capacity must be dismissed.

Ike argues that the Commonwealth has waived its immunity from his federal and state law claims, relying on the above Kentucky indemnification statute. [R. 7] A closer examination of this statute, however, reveals the opposite. This statute simply outlines the procedures and circumstances under which the Commonwealth may indemnify a State Trooper sued in his/her individual capacity for money damages. Ky. Rev. St. §§ 16.185(2)-(3). Subsection (4), however, makes clear that the Commonwealth does not waive its sovereign immunity under such circumstances:

> (4) The indemnification *shall not be construed to abrogate or limit any privilege, immunity, or matter of defense otherwise available* to the officer or individual employed as a Trooper R Class and shall not constitute a waiver of any privilege, immunity, or matter of defense, *including the sovereign immunity of the Commonwealth*.

Ky. Rev. St. §§ 16.185(4) (emphasis added). Ike's waiver argument under this statute fails.

Because the Commonwealth has not waived its sovereign immunity, the Commonwealth is shielded from all of Ike's claims by the Eleventh Amendment. *Mosier v. Kentucky,* 640 F.Supp.2d 875, 879 (E.D. Ky. 2009) (citing *Alden v. Maine,* 527 U.S. 706, 755–56 (1999)); *Hibbs,* 538 U.S. at 726. Specifically, Ike's Section 1983 claims against the Commonwealth and officials in their official capacity fail as a matter of law. [R. 1, Compl., at ¶¶ 27-30] As the

Supreme Court has held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989), a state is not a "person" within the meaning of Section 1983. The Court noted "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66. (citations omitted). The Supreme Court further held that state officials sued in their official capacity are immune from suit under Section 1983, since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* Thus, "it is no different from a suit against the State itself." *Id.* at 71. Therefore, all of Ike's Section1983 claims against the Commonwealth and against state officials in their official capacity will be dismissed.

Likewise, the Eleventh Amendment prohibits federal courts from hearing state law damage suits against states and arms of the state that have not waived immunity. *Mosier*, 640 F.Supp.2d at 879 (citing *Alden*, 527 U.S. at 755–56). Accordingly, Ike's state law claims against the Commonwealth and officials acting in their official capacity will be dismissed.

### III. Motion to Amend and Motion to Dismiss Sanders

After reviewing the Defendants' Motion to Dismiss, Ike moved to dismiss Sanders without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). [R. 6] He concurrently moved to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2), removing all claims against Sanders, while keeping the remainder of his federal and state law claims against the Commonwealth and other Defendants intact. *See* [R. 6-2, Am. Compl.]

Defendants object to Ike's Motion to Amend and Motion to Dismiss Sanders on two separate grounds. First, Defendants ask the Court to deny Ike leave to file his Amended

Complaint "in light of the Commonwealth's undeniable sovereign immunity." [R. 9, at p. 2] As the Court has just granted dismissal of all claims against the Commonwealth and the named and unnamed state officials sued in their official capacity, this argument is moot.

Next, Defendants request that the Court attach a condition to Ike's dismissal of Sanders from this lawsuit: 1) "Plaintiff may have a reasonable number of days to reconsider and withdraw its current Rule 41(a)(2) motion to voluntarily dismiss without prejudice, all in order to refile the Motion as a Rule 41(a)(2) motion to voluntarily dismiss with prejudice. . ."; 2) "Or, in the alternative if Plaintiff does not withdraw its current Rule 41(a)(2) Motion to Voluntarily Dismiss, then Plaintiff will be ordered to pay the reasonable costs and attorney[s'] fees of Commissioner Sanders, all in conjunction with the dismissal of the aforementioned without prejudice." [R. 9, at p. 3] For support of this conditional dismissal, Defendants cite to *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 850 (W.D. Mich. 2007), *aff'd*, 277 F. App'x 530 (6th Cir. 2008).

Ike proposes an alternative condition, and one that appears more reasonable to the Court given the procedural posture of this case. In his Reply, Ike advises that his Amended Complaint remedies the very concern Defendants have raised with respect to Sanders. [R. 10, at p. 1] Therefore, Ike asks the Court to enter his Amended Complaint and grant his voluntary dismissal of Sanders without prejudice. *Id.* at p. 2. Ike further requests that if the Court Orders him to pay Defendants' attorneys' fees and costs for defending Sanders, that they be made payable *only if* Ike attempts to refile this action against Sanders. *Id.*

District courts may grant voluntary dismissals without prejudice and may attach conditions to these dismissals in the Court's discretion so long as the parties have notice of the conditions and these conditions are objectively reasonable. *See Duffy v. Ford Motor Co.*, 218

F.3d 623, 632 (6th Cir. 2000) (holding that it was "reasonable to condition the voluntary dismissal [without prejudice] upon the payment of [defendant's] costs," but remanding for further proceedings because the district court failed to give notice to the plaintiffs before imposing conditions.). Under Fed. R. Civ. P. 42(a)(2), where a plaintiff moves to dismiss an action without prejudice, courts frequently award costs and attorney's fees as a condition for refiling. *See Burnett*, 471 F.Supp.2d at 852. The Court notes that while an award of attorneys' fees and costs under a voluntary dismissal without prejudice may be appropriate to "reimburse the [Defendants] for the litigation costs incurred, in view of the risk faced by the [Defendants] that the same suit will be refiled and will impose duplicative expenses upon him," *id.*, "no requirement or rule exists" that "voluntary dismissals are to be accompanied by payment of defense costs." *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).

Therefore, the Court will impose the following conditions upon Plaintiff's Motion to Amend and Motion to Dismiss Sanders:

1) Plaintiff's Motion to Amend and Motion to Dismiss Sanders will be denied without prejudice.

2) Within one (1) week of entry of this Order, Defendants shall file an affidavit of counsel stating the entire defense costs associated with Defendant Sanders *only* in this action from the date of the Service of the Complaint [R. 1; R. 3].

3) Within two (2) weeks of Defendants' filing of such defense costs, Plaintiff may refile his Motion to Amend and Motion to Dismiss Sanders.

   a. If Plaintiff moves to dismiss Sanders with prejudice, he shall bear no defense costs.

    b. If Plaintiff moves to dismiss Sanders without prejudice, he shall bear the costs referenced in Paragraph 2, **at the time and in the event** Plaintiff refiles suit against Sanders.

        i. The costs represented in Paragraph 2 to the date of entry of this Memorandum Opinion and Order represent the total amount that would become due and payable to Defendants in the event Plaintiff refiles suit against Sanders pursuant to Paragraph 3(b).

    c. If Plaintiff fails to file a Motion within the time frame outlined herein, the Court will consider Defendants' Motion to Dismiss Defendant Sanders pursuant to Fed. R. Civ. P. 12(b)(6).

Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Commonwealth of Kentucky and Richard Sanders [**R. 4**] is **GRANTED IN PART** and **REMANDED IN PART**. The Plaintiff's claims against the Commonwealth and the named and unnamed state official Defendants in their official capacity are **DISMISSED WITH PREJUDICE**. The claims against Commissioner Richard Sanders are **REMANDED** consistent with this Memorandum Opinion and Order.

2. Plaintiff's Motion for Leave to File First Amended Complaint and to Voluntarily Dismiss Commissioner Sanders [**R. 6**] is **DENIED WITHOUT PREJUDICE**.

3. Defendants' counsel are hereby **ORDERED** to file an affidavit detailing defense costs related to the defense of Defendant Sanders **within one (1) week of the date of entry of this Memorandum Opinion and Order**.

4. Plaintiff may refile the Motion for Leave to File First Amended Complaint and to Voluntarily Dismiss Commissioner Sanders **within two (2) weeks** of Defendants' filing of the defense costs of Defendant Sanders as outlined above. If Plaintiff fails to refile this Motion, the Court will consider dismissal of Defendant Sanders pursuant to Fed. R. Civ. P. 12(b)(6) per the Defendants' Motion to Dismiss [**R. 4**].

June 12, 2019

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc: Counsel of record